**Barbara CLARK, Plaintiff—Appellant,**

v.

**Carol POPE; et al., Defendants—Appellees.**

**No. 06–16333.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Sept. 27, 2007.

Barbara Clark, Rancho Cordova, CA, pro se.

Michael C. Denison, Esq., Towle Denison Smith & Tavera, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan McHenry Hilton, Esq., Law Offices of Susan M. Hilton, Playa Del Rey, CA, Michael R. Drayton, Department of Industrial Relations, Sacramento, CA, for Defendants–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Barbara Clark appeals pro se from the district court's order dismissing her third amended complaint alleging, *inter alia,* violations under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal under Fed.R.Civ.P. 12(b)(6) de novo, *Price v. Hawaii,* 939 F.2d 702, 706 (9th Cir.1991), and we affirm.

The district court properly dismissed Clark's section 1983 claims against defendants Pope and Hershewe because Clark failed to adequately allege that these defendants acted under color of state law. *See Price,* 939 F.2d at 707–08 (noting that a section 1983 claim requires state action and private parties generally do not act under color of state law); *see also Am. Mfr. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50–58, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (explaining that state action cannot be established by allegations that defendants were subject to state regulations).

Because Clark does not challenge the dismissal in favor of defendant Rea, or any other aspects of the district court's judgment, we decline to consider those issues.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief. . . .").

**AFFIRMED.**